IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Criminal No.  **06-40057-01-MJR** |
| | ) | |
| **MICKOLENA BOZARTH,** | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

The United States of America and the Defendant having both filed a written consent, appeared before me pursuant to Federal Rule of Criminal Procedure 11 and SDIL Rule 72.1(b)(2).  The Defendant entered a plea of guilty to Count 1 of the Superseding Indictment. After cautioning and examining the Defendant under oath concerning each of the subjects mentioned in Rule 11, I determined that the guilty plea was knowing and voluntary, and that the offense charged is supported by an independent factual basis containing each of the essential elements of such offense.  I therefore recommend that the plea of guilty be accepted, that a presentence investigation and report be prepared, and that the Defendant be adjudicated guilty and have sentence imposed accordingly.

Pursuant to 18 U.S.C. § 3143(a), Defendant, who has been on bond pending trial, orally moved for release pending sentence.  Defendant is five months pregnant.  She argues that placing her in immediate custody would interfere with her prenatal care, and the transportation issues that would ensue would impede her ability to appear at sentencing in October, as contemplated. The Court conferred with the U.S. Marshal's Office and confirmed that, although Defendant's health needs would be tended to, Defendant is likely to be housed out of this judicial district–

1

most probably in Texas– which would create transportation issues.

Defendant is apparently relying on the "exceptional reasons" exception provided for under 18 U.S.C. § 3145(c).  Section 3145(c) provides that a detention order made in accordance with Section 3143(a)(2) may be appealed and the defendant released pending sentencing if the defendant does not pose a flight risk or danger to the community, and it is clearly shown that there are exceptional reasons why detention would not be appropriate.  The Seventh Circuit has defined exceptional circumstances as "a unique combination of circumstances giving rise to situations that are out of the ordinary." *Herrera-Soto,* 961 F.2d 645, 647 (7th Cir. 1992).

The Government agreed that Defendant's unusual circumstances satisfy the "exceptional reasons" exception.   It was also undisputed that Defendant's release on bond pending trial had been uneventful.

At this juncture, Defendant's guilty plea has not been accepted by the District Court.  Contrary to the Government's position, this Court does not consider the plea effected until the District Court accepts this Report and Recommendation.  In essence, there is only an agreement in principle between Defendant and the Government, contingent upon the District Court's approval.  A Magistrate Judge is certainly not authorized by 28 U.S.C. § 636 to enter a guilty plea.  Therefore, this Court concludes that the automatic detention provision in section 3143(a)(2) has yet to be triggered.  Therefore, this Court will not disturb Defendant's current bond and conditions of release.

Regarding whether Defendant should be detained upon acceptance of her guilty plea, this Court finds that it is undisputed that the Section 3143(a)(2) automatic detention provision applies to Defendant.  This Court finds by clear and convincing evidence that Defendant has complied

with the conditions of pretrial release, and she does not pose a danger to another person or the community.  Defendant's risk of flight is slightly increased, now that the lengthy prison sentence recommended in the plea agreement is fast approaching.  However, the current conditions of release are sufficient to ensure that Defendant does not flee. Lastly, this Court finds by clear and convincing evidence that Defendant's pregnancy, her healthcare needs and the associated transportation and scheduling issues constitute exceptional reasons for not detaining Defendant pending sentencing.

## Recommendation

For the aforestated reasons it is the recommendation of this Court that:

1.      The plea of guilty be accepted, that a presentence investigation and report be prepared, and that the Defendant be adjudicated guilty and have sentence imposed accordingly; and

2.     Defendant's oral motion pursuant to 18 U.S.C. §§ 3143(a) and 3145(c) for release pending sentence be granted.

**DATED:  June 15, 2007**                          **s/ Clifford J. Proud**
                                                                    **CLIFFORD J. PROUD**
                                                                    **U. S. MAGISTRATE JUDGE**

## NOTICE

Failure to file a written objection to this Report and Recommendation within ten (10) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned U.S. District Judge.  28 U.S.C. 636(b)(1)(B).

3